**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1053**

LOUIS A. MARKS, JR.; BRENDA JOYCE MARKS,

                Plaintiffs - Appellants,

        v.

DEBORAH S. COOK; GREGORY L. COOK; WACHOVIA BANK, N.A.; HOMEQ
SERVICING CORPORATION; SAMUEL I. WHITE, PC; JASON HAMLIN,
Esquire; EZ-VEST REALTY, INCORPORATED; GARY A. ZAYAKOSKY,
individually and in his capacity as managing broker of
EZ-Vest Realty, Incorporated; BRUCE EDWARD GORDON,

                Defendants – Appellees,

        and

PROFESSIONAL FORECLOSURE CORPORATION OF VIRGINIA, a/k/a
Shapiro and Burson, LLP; ROBINHOOD ENTERPRISES,

                Defendants.

**No. 09-1056**

LOUIS A. MARKS, JR.; BRENDA JOYCE MARKS,

                Plaintiffs - Appellants,

        v.

DEBORAH S. COOK; GREGORY L. COOK; WACHOVIA BANK, N.A.; HOMEQ
SERVICING CORPORATION; SAMUEL I. WHITE, PC; JASON HAMLIN,
Esquire; EZ-VEST REALTY, INCORPORATED; GARY A. ZAYAKOSKY,

individually and in his capacity as managing broker of EZ-Vest Realty, Incorporated; BRUCE EDWARD GORDON,

Defendants – Appellees,

and

PROFESSIONAL FORECLOSURE CORPORATION OF VIRGINIA, a/k/a Shapiro and Burson, LLP; ROBINHOOD ENTERPRISES,

Defendants.

———————————

Appeals from the United States District Court for the Eastern District of Virginia, at Newport News.  Raymond A. Jackson, District Judge.  (4:06-cv-00150-RAJ-FBS)

———————————

Submitted:  September 10, 2009        Decided:  October 16, 2009

———————————

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis A. Marks, Jr., Brenda Joyce Marks, Appellants Pro Se. James Harrell Shoemaker, Jr., PATTEN, WORNOM, HATTEN & DIAMONSTEIN, LC, Newport News, Virginia; Brent Lee VanNorman, HUNTON & WILLIAMS, LLP, Norfolk, Virginia; Ronald James Guillot, Jr., SAMUEL I. WHITE, PC, Virginia Beach, Virginia; Robert John Haddad, Charles B. Lustig, SHUTTLEWORTH, RULOFF, SWAIN, HADDAD & MORECOCK, PC, Virginia Beach, Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louis and Brenda Marks appeal from the district court's orders granting summary judgment to Defendants in the Marks' suit alleging statutory and tort violations in connection with a foreclosure on their home. The Marks also challenge several preliminary orders by the district court. Finding no error, we affirm.

I.

The Marks first assert that the district court judge erred in denying their motion for recusal. The Marks asserted that the judge could not be unbiased because he presided over Brenda Marks' criminal proceeding. In general, alleged bias and prejudice are not disqualifying unless they stem from an extrajudicial source. See Liteky v. United States, 510 U.S. 540, 554-55 (1994). The Marks fail to show any extrajudicial source and, in any event, fail to show that the district court was biased. Accordingly, the motion was properly denied.

II.

The Marks' counsel moved in district court to withdraw based upon a conflict of interest with a firm he was joining. The Marks did not respond, and the court granted the motion. The Marks then filed a motion to vacate the order granting

3

withdrawal, asserting that counsel had informed them that the motion to withdraw was made in order to protect his future firm but would not be granted. The Marks contended that Brenda Marks' incarceration made it difficult to interview and work with a new attorney and that they had already paid a flat fee for their prior attorney. The district court denied the motion, and the Marks challenge that denial on appeal.

The motion to withdraw was unopposed. Moreover, the Marks did not support their motion to vacate with a statement from counsel, so their assertions regarding his intent are unsupported. Finally, as there is no constitutional right to counsel in civil cases, the Marks' allegations that finding a new attorney was difficult does not call into question the correctness of the grant of the motion to withdraw. See Jones v. Phipps, 39 F.3d 158, 163-64 (7th Cir. 1994) (holding that a jailed litigant ought to be treated neither worse, nor better, than any other party when it comes to the conduct of litigation unless some special circumstance of confinement interferes with her ability to manage legal affairs). Accordingly, the district court did not err in denying the motion to vacate.

III.

Prior to the grant of summary judgment, the Marks sought an extension of time for discovery. The district court denied the motion, finding that the motion was untimely made after having five months to conduct discovery. On appeal, the Marks assert that the district court's calculation of time was incorrect, and they only had a very limited amount of time for discovery.

On May 2, 2008, the district court entered a scheduling order stating that discovery should be completed by Plaintiffs by August 5, 2008. On August 6, Brenda Marks filed a motion for suspension of the calendar or an extension of time to complete discovery, dated August 3. She asserted that her incarceration limited her communication with her husband (and co-plaintiff) and her access to documents. On September 8, Brenda Marks filed a motion for modification of the scheduling order, seeking a postponement of the trial date. On September 16, the district court denied the motion to suspend the calendar but granted the motion to modify the scheduling order. The court ordered that the trial was continued until December and that the final pretrial conference would be held on December 1, 2008. Further, the court noted that the parties

5

"shall resolve any outstanding discovery issues before the Final Pretrial Conference."[*]

Thus, the Marks had from May until December to conduct discovery (over six months). While the Marks alleged that they were having difficulties, during that time period they were able to file the above-described motions, as well as several motions for extension of time to respond to summary judgment motions, numerous responses in opposition to the Defendants' various motions for summary judgment, and various miscellaneous motions. The Marks failed below and on appeal to explain why, given the other motions that were filed, they were unable to serve any requests for discovery during this time period. In any event, even if the time period was truncated, the Marks fail to allege any specific prejudice from the failure to permit more time. Accordingly, the district court did not err in denying the Marks' motion to extend.

IV.

The Marks assert that, instead of granting the various motions for summary judgment, the district court should have

---

[*] In their informal brief, the Marks state that this order effectively ended any opportunity to conduct discovery. However, the plain language of the order clearly permitted further discovery until December 1.

6

permitted them to amend their complaint. However, they did not state in district court or on appeal the changes they sought to make to their complaint. Thus, the court had no basis on which to grant the motion.

V.

The Marks challenge the grant of summary judgment to Wachovia on their claim under the Real Estate Settlement Procedures Act ("RESPA"). The Marks assert that summary judgment was improper given that they provided documentary evidence that Wachovia sent rate increase notices to the wrong address.

RESPA was enacted to protect homebuyers during the settlement process. It is unsettled whether suits challenging fees or actions post-settlement state a claim under RESPA. See Cohen v. J.P. Morgan Chase, 608 F. Supp. 2d 330, 345-46 & n.10 (E.D.N.Y. 2009). However, even assuming that rate increase notices sent to the wrong address would violate RESPA, the Marks' claim fails for several reasons. First, the "evidence" submitted by the Marks was only a request to a bankruptcy judge to confirm that the documents were sent to the wrong address. There is no actual confirmation. Second, the Marks admit that the notices were forwarded to them, and they allege no harm suffered from any delay. Third, the Marks made no payments,

7

late or otherwise, on the loan, so they have showed no reliance or even consideration of any rate increases. Finally, Wachovia did not initiate foreclosure against the Marks' home. Thus, any violation of RESPA resulted in no harm to the Marks. Accordingly, the district court properly granted summary judgment, even in light of the Marks' "evidence".

VI.

Finally, the Marks argue that the district court improperly dismissed Professional Foreclosure as a Defendant based on failure to serve. According to the Marks, they hired a professional process server who served Professional Foreclosure a couple of days after the court's deadline. They claim that any error was on the part of the process server.

However, the record does not contain, and the Marks do not provide, any evidence supporting their claim. There is no proof of service in the record, and the Marks did not move in district court for reconsideration of the dismissal. On appeal, the Marks present only their self-serving statement, and they provide no reason for their failure to submit proof to the district court. Accordingly, this claim has no merit.

Based on the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

8

materials before the court and argument would not aid the decisional process.

AFFIRMED